**MICHAEL J. SMITH  # 011105**
Attorney at Law
2340 W. Ray Road
Suite 1
Chandler, Arizona 85224
(480) 491-9750
Attorney for Defendant
gonzalezandsmith@aol.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-256-001-PHX-SMM |
| Plaintiff, | ) | |
| | ) | **OBJECTIONS TO PRESENTENCE** |
| | ) |  **REPORT** |
| v. | ) | |
| | ) | |
| MARIO BERNADEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Mario Bernadel, through counsel undersigned, lodges the following objections to the presentence report:

   **1**.  The defendant objects to the section of the presentence report captioned **The Offense Conduct**.  Mr. Bernadel maintains his innocence and denies any criminal conduct on his part.

   **2.**  The defendant objects to paragraph 10 on page 5 of the presentence report.  The defendant maintains his innocence and denies any unlawful activity on his part and he was not criminally responsible for the actions of any other individuals.  The evidence presented in the case showed that Adorno and Lucero acted independently of Mr. Bernadel.  Mr. Bernadel denies loss attributable to him, and objects to the cash back attributed to him.

   **3.**  The defendant objects to paragraphs 11-17 on pages 5-7 of the presentence report.  The defendant objects to the accuracy of other individuals actions and maintains he had no criminal liability for their alleged actions.  With regard to any amount of loss attributable to any

of the individuals, the defendant has not been provided with any documentation to support these calculations except for the original sale or purchase documents provided in trial.

    **4.** The defendant objects to paragraph 18 page 7. The names of the alleged financial institutes are not listed and defendant has not been provided with any documentation of detriment to these institutes.

    **5.** The defendant objects to paragraph 23 page 7. The presentence report writer uses the amount of loss of $9,440,914. The defendant has not been provided with any documents supporting the loss other than the original sales documents. The only documents provided are the attached spreadsheet provided December 16, 2009. (attached)

    Clearly, the evidence presented at trial shows that there was no intended loss (n. 3(A)(ii)) so actual loss must be calculated. There were no documents presented at trial showing the amount of loss. No documents have been sent to the defendant to show the actual loss suffered by any lending institute. Testimony was presented that at least some of the loans had to be bought back by the mortgage brokers, and Security Title may have had to reimburse the lenders for their escrow officers' actions. Without a complete trail of the loan: who it was sold to; whether money was returned by the brokers or title companies; etc., any "loss" is speculation. Original discovery requests sent at the beginning of the case requested any documents that would be utilized in sentencing guideline calculations. Since none have been produced, the defendant objects to any loss being attributed to Mr. Bernadel.

    Although the court can estimate the loss pursuant to U.S.S.G. §2B1.1 n. 3(C), the court does not have a basis in the evidence to support an estimated loss.

    There is not sufficient documentation to support an increase for number of victims. "The term 'victim' is not intended to include indirect or secondary victims. Generally, there will be one person who is directly and most seriously affected by the offense and is therefore identifiable as the victim." U.S.S.G. §3D1.2 n. 2. Since there were only 43 counts there cannot be more than 50 victims as asserted in the presentence report. A review of the counts for which

Mr. Bernadel was convicted shows that there were less than 10 victims. It appears the "victims" were: Bank of New York, Countrywide, Washington Mutual, Lehman Brothers, American Mortgage, Harbourton Mortgage, Aurora Loan Services, Home Equity services and Crevcor. These are the "victims" for the counts Mr. Bernadel was convicted of. The same "victim" in several counts was only counted once. Therefore, there should be no increase for the number of victims.

The recalculated Base offense level should be 7. No increase for dollar amount and no increase for number of victims.

**6.** The defendant objects to paragraph 26, page 8. The testimony at trial was that Mr. Bernadel refused to advise Adorno and Lucero how he was buying property and getting money back. The evidence at trial was that Bartlemus (without Mr. Bernadel's knowledge) advised, instructed and aided Lucero and Adorno in their actions. The evidence at trial was that Bartlemus changed documents, destroyed documents and obtained new earnest money checks on his own accord, not at the direction of Mr. Bernadel. The evidence at trial was that Mr. Bernadel operated alone in his actions.

Mr. Bernadel has been found criminally liable for the actions of the co-defendants on some counts, however, there is no evidence that he was an organizer, leader, manager or supervisor of any of the co-defendants or "participants". "This adjustment does not apply to a defendant who merely suggests committing the offense" U.S.S.G. §3B1.1 n. 4.

**7.** The defendant objects to the section of the presentence report captioned **Other Criminal Conduct,** pages 10-11. The defendant disputes the accuracy of this information. It has no bearing on Mr. Bernadel's guidelines calculations, however, the objection should be noted.

**8.** The defendant objects to paragraph 67, page 14. The defendant calculates his guidelines as a Offense Level 7, Criminal History II. The guideline range should be 2-8 months Zone B.

**9.** The defendant objects to paragraph 76, page 16. The fine range should be $500 to $5,000.

As noted in paragraph 42, page 11, Mr. Bernadel objects to any information taken from his presentence report prepared in 06CR00260-001-PHX-JAT and asserted it was 100% false. Any information considering 18 U.S.C. § 3553(a) shall be raised at sentencing or in a separate sentencing memorandum.

RESPECTFULLY SUBMITTED this 15th day of January, 2010

By:

*/s/ Michael J. Smith*

Michael J. Smith
Attorney at Law

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2010, I electronically transmitted a Motion to Extend Time to File Pretrial Motions and Continue Trial using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF

CLERK OF THE COURT
DISTRICT COURT
Sandra Day O'Connor US Court House
Suite 130
401 W. Washington- SPC 1
Phoenix, AZ 85003-2118

KEVIN RAPP
Two Renaissance Square
40 N. Central
Suite 1200
Phoenix, AZ 85004-4408

U.S. Probation Officer
Sandra Day O'Connor U.S. Courthouse, Suite 160
401 W. Washington Street – SPC 7
85003-2118

By: *Angelica Martinez*
    ANGELICA MARTINEZ